UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMBINED SELECTION GROUP, LTD. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IFS NORTH AMERICA, INC., )<br>)<br>Defendant. ) | Case No. 1:23-cv-02312 |

**IFS NORTH AMERICA, INC. ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, IFS NORTH AMERICA, INC., ("IFS"), for its Answer to the Complaint of Plaintiff, COMBINED SELECTION GROUP, LTD ("COMBINED"), states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between a citizen of a foreign state and a citizen of a State.

**ANSWER:** IFS admits that it is both a citizen of a foreign state and a citizen of this state. IFS denies the remainder of Paragraph 1.

2. This Court has personal jurisdiction over the defendant pursuant to 735 ILCS 5/2-209(a)(1), (a)(7), and (b)(4).

**ANSWER:** IFS admits this Court has personal jurisdiction over it. IFS denies the remainder of Paragraph 2.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant's principal place of business is located in this district.

**ANSWER:** IFS admits the allegations of Paragraph 3.

## THE PARTIES AND FACTUAL BACKGROUND

4.      The plaintiff, Combined Selection Group LTD. ("Plaintiff"), is a corporation organized in the United Kingdom, and its principal place of business is located in Leeds, England.

**ANSWER**:    IFS lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 4 and, therefore, neither admits nor denies same.

5.      Defendant IFS North America, Inc. ("Defendant") is a Wisconsin corporation, and its principal place of business is located in Itasca, Illinois.

**ANSWER:**    IFS admits the allegations of Paragraph 5.

6.      Plaintiff is an executive search firm with a worldwide clientele.

**ANSWER:**    IFS admits that Plaintiff performs executive searches in the United States. IFS lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations of Paragraph 6 and, therefore, neither admits nor denies same.

7.      At various times in 2018 and 2019, Astea International Inc. ("Astea") and Defendant retained Plaintiff and requested that it conduct an executive search to fill several different positions, including Senior Director of Technology Services, Regional Sales Manager, and Regional Account Manager.

**ANSWER:**    IFS denies the allegations of Paragraph 7.

8.       In each case, Astea or Defendant either hired a candidate put forth by Plaintiff or cancelled the search under circumstances that entitled Plaintiff to a fee pursuant to Plaintiff's standard terms and conditions.

**ANSWER:**    IFS lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 8 and, therefore, neither admits nor denies same.

9.      In or about December 2019, upon information and belief, Astea was acquired by Defendant.

**ANSWER:** IFS admits the allegations of Paragraph 9.

10. The fees owed by Defendant for Plaintiff's services to Defendant and Astea are £47,000.00 plus $49,000.00.

**ANSWER:** IFS denies the allegations of Paragraph 10.

11. Such amounts have been invoiced to Defendant, but payment has been refused.

**ANSWER:** IFS denies the allegations of Paragraph 11.

## COUNT I
### Breach of Contract

12. Plaintiff realleges and incorporates by reference paragraphs 1-11, above, as if fully set forth herein as paragraph 12 of Count I.

**ANSWER:** IFS repeats and incorporates its Answers to Paragraphs 1 through 12 as its Answer to Paragraph 12 of Count I as if fully set forth herein.

13. Defendant's refusal to pay amounts duly invoiced and demanded by Plaintiff constitutes a breach of its contract with Plaintiff.

**ANSWER:** IFS denies the allegations of Paragraph 13.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, IFS NORTH AMERICA, INC., ("IFS"), by and through its attorneys, and for its Affirmative Defenses to the Complaint, states as follows. By alleging these "Affirmative Defenses," IFS does not assume any burdens of proof or production not otherwise imposed by law. IFS reserves the right to supplement, amend, modify, add or delete defenses as further information is developed in discovery.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against IFS are barred by the doctrines of estoppel and unclean hands.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has delayed in bringing this claim, and as a result, IFS has been prejudiced.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the statute of frauds.

WHEREFORE, Defendant, IFS NORTH AMERICA, INC, demands judgment in its favor and against Plaintiff, COMBINED SELECTION GROUP, LTD, on all allegations and causes of action contained in its Complaint.

Respectfully submitted,

/s/ *Ross M. Good*
One of the attorneys for Defendant,
IFS NORTH AMERICA, INC.,

Ross M. Good, Esq.
David A. Eisenberg, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
ross@loftusandeisenberg.com
david@loftusandeisenberg.com