IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| COMBINED SELECTION GROUP, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-02312 |
| | ) | |
| v. | ) | Hon. John F. Kness |
| | ) | |
| IFS NORTH AMERICA, INC., | ) | Mag. Judge. Gabriel A. Fuentes |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL JOINT STATUS REPORT UNDER RULE 26(f)

This Supplemental Joint Status Report is submitted by the parties in compliance with the Court's direction to supplement and update the discovery schedule set forth in the previously submitted Joint Initial Status Report. The Parties have again conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.    Nature of the Case**

  **A.    Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel:**

  Counsel for Plaintiff, Combined Selection Group, Ltd.:

  Thomas J. Dillon (Lead Trial Attorney)
  Kyle T. Dillon
  Wendy Gattone
  McFadden & Dillon P.C.,

Counsel for Defendant, IFS North America, Inc.:

Ross Michael Good (Lead Trial Attorney)
David Eisenberg
Loftus & Eisenberg, Ltd

B. **State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different from residence—the former is what counts for diversity purposes.** *See Heinen v. Northrop Grumman Corp.*, **671 F.3d 669 (7th Cir. 2012):**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the action is between a citizen of a foreign state and a citizen of a State.

Plaintiff is a corporation organized in the United Kingdom, and its principal place of business is located in Leeds, England. Defendant is is incorporated under the laws of Wisconsin, and its principal place of business is located in Itasca, Illinois.

C. **Provide a short overview of the case.**

Plaintiff's Position: At various times in 2018 and 2019, Astea International Inc. (an entity later acquired by Defendant) and Defendant allegedly retained Plaintiff, an executive search firm, and requested that it conduct an executive search to fill several different positions. In each case, Astea or Defendant either hired a candidate put forth by Plaintiff or cancelled the search under circumstances that allegedly entitled Plaintiff to a fee pursuant to Plaintiff's standard terms and conditions assented to by Defendant.

Defendant's Position: At various times, Plaintiff was retained to fill positions for Plaintiff. Two of the positions were in the UK and one was in the US. Plaintiff did not fill the two UK positions. The US position was filled with a candidate already in Defendant's system. No valid agreement existed covering the filling of these three positions.

D. **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

2

        Plaintiff alleges that Defendant breached the agreement pursuant to which Defendant retained Plaintiff to conduct an executive search by failing to pay to Plaintiff the amounts due thereunder. Plaintiff alleges the fees owed by Defendant for Plaintiff's services to Defendant to be $113,789.76. Defendant denies the existence of any agreement.

    **E.**    **What are the principal factual issues? (Please be brief.)**

        The factual matters in dispute are as follows: (i) whether Plaintiff and Defendant entered into an enforceable agreement; (ii) whether Plaintiff and Defendant performed their respective obligations under the agreement; and (iii) whether the amount due and owing from Defendant to Plaintiff is $113,789.76 plus accrued prejudgment interest.

    **F.**    **What are the principal legal issues? (Please be brief.)**

        Whether an enforceable agreement exists between Plaintiff and Defendant.

    **G.**    **What relief is the plaintiff(s) seeking (money damages, injunctive relief, etc.)?**

        Plaintiff seeks monetary damages in the amount of $113,789.76 plus accrued prejudgment interest and costs as permitted by statute.

    **H.**    **Have all the defendants been served, or waived service of process? If not, identify the defendants that have not received service.**

        Defendant has been served.

**II.**    **Case Scheduling and Discovery**

    **A.**    Propose a discovery schedule. Include the following deadlines: (1) any amendment to the pleadings to add new claims, or new parties; (2) service of process on any "John Doe" defendants; (3) the completion of fact discovery; (4) the disclosure of plaintiff's expert report(s); (5) the deposition of plaintiff's expert; (6) the disclosure of defendant's expert(s); (7) the deposition of defendant's expert; and (8) dispositive motions.

        The parties are reminded that, under Rule 16(b) of the *Federal Rules of Civil Procedure*, the Court is required to issue a scheduling order that includes "the time to join other parties, amend the pleadings, complete

discovery, and file motions." **If the parties are unable to agree on proposed dates to govern the remainder of the case, or to present their competing proposals, the Court will set those dates as required by Rule 16 without input from the parties.** *See* **Fed. R. Civ. P. 16(b)(1).**

The parties are also reminded that the pendency of a dispositive motion, such as a motion to dismiss, **does not** automatically cause discovery to be stayed.

| Event | Deadline |
| --- | --- |
| Motions to Amend the Pleadings | N/A |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | March 15, 2024 |
| Disclosure of Plaintiff's Expert Report(s) | April 15, 2024 |
| Deposition of Plaintiff's Expert | June 1, 2024 |
| Disclosure of Defendant's Expert Report(s) | June 28, 2024 |
| Deposition of Defendant's Expert | July 29, 2024 |
| Dispositive Motions | August 30, 2024 |

B. **How many depositions do the parties expect to take?**

7-8 including corporate representatives.

C. **Do the parties foresee any special issues during discovery?**

The parties consent to the depositions being conducted remotely via Zoom or similar platform.

D. **Rule 26(f)(2) requires the parties to propose a discovery plan.** *See* **Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics.** *See* **Fed. R. Civ. P. 26(f)(3). Have the parties**

4

  **discussed a discovery plan, including all of the topics required by Rule 26(f)(3)? If so, do the parties propose anything?**

  The parties have discussed a discovery plan and make no further proposals at this time.

III. <u>Trial</u>

  A. **Have any of the parties demanded a jury trial?**

  No.

  B. **Estimate the length of trial.**

  2-3 days.

V. <u>Settlement, Referrals, and Consent</u>

  A. **Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)**

  A settlement conference was held with Magistrate Judge Fuentes on November 2, 2023 and was unsuccessful despite the efforts by the Court.

  B. **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

  The parties do not request a subsequent settlement conference at this time.

  C. **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

  The parties do not consent to proceed before the Magistrate Judge at this time.

**VI. Other**

    A.    **Is there anything else that the plaintiff(s) wants the Court to know?**

    Plaintiff has no further information at this time.

    B.    **Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)**

    Defendant has no further information at this time.

Respectfully submitted,

COMBINED SELECTION GROUP, LTD.

/s/ Thomas J. Dillon
One of the attorneys for the plaintiff,
Combined Selection Group, Ltd.

Thomas J. Dillon (ARDC #3124223)
Kyle T. Dillon (ARDC #6323818)
MCFADDEN & DILLON, P.C.
120 South LaSalle Street, Suite 1920
Chicago, Illinois 60603
(312) 201-8300
k.dillon@mcdillaw.com


/s/ Ross M. Good
One of the attorneys for Defendant,
IFS NORTH AMERICA, INC.

Ross M. Good, Esq.
David A. Eisenberg, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
ross@loftusandeisenberg.com

6